IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARGENT HOLDINGS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-17-CV-00199-ATB |
| | § | |
| EAST EL PASO PHYSICIANS | § | |
| MEDICAL CENTER, LLC, | § | |
| *d/b/a Foundation Surgical Hospital* | § | |
| *of El Paso,* et al., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

On this day, the Court considered the "Motion for Decree of Default and Liability Judgment as to Defendant Stanton Nelson" ("Motion") (ECF. No. 52) filed by Plaintiff Argent Holdings, LLC ("Argent") on November 22, 2017. For the reasons set forth below, Argent's Motion is **DENIED**.

**I.  BACKGROUND**

On June 28, 2017, Argent filed suit against Defendants East El Paso Physicians' Medical Center, LLC d/b/a Foundation Surgical Hospital of El Paso, Foundation Surgical Hospital Holdings LLC, Randstad Professionals US, LLC d/b/a Tatum, Stanton Nelson, and Justin Bynum (collectively, "Defendants"). (ECF. No 1). Thereafter, on August 4, 2017, Argent filed its Amended Complaint against Defendants. (ECF. No. 15). Argent asserts various causes of action related to a "Receivables Purchase and Sale Agreement" between Foundation Surgical Hospital of El Paso and Argent for the purchase of medical debt. (*Id.*). Argent seeks to impose joint and several liability against all Defendants. (*Id.*).

Defendant Nelson was served with the Complaint and Amended Complaint on July 17, 2017 and August 4, 2017, respectively. (*See* ECF. Nos. 11, 15). Despite this, Defendant Nelson has failed to appear or file a responsive pleading. Consequently, Argent seeks an entry of default judgment against Defendant Nelson pursuant to Rule 55(b)(2). (ECF. No. 52).

However, subsequent to the filing of Argent's Motion, Defendant Nelson appeared and filed a Motion to Dismiss. (ECF. No. 53).

## II. ANALYSIS

Federal Rule of Civil Procedure 55 governs entry of default judgment. Initially, the clerk of court must enter default against a defendant, if the defendant fails to plead or otherwise defend and the plaintiff shows that failure by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may move the court for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("*After* defendant's default has been entered, plaintiff may apply for a judgment based on such default.") (emphasis added). Consequently, "[w]ithout a prior entry of default [by the clerk of court], there is no basis for entry of a default judgment." *Richardson v. Avery*, 2016 U.S. Dist. LEXIS 182160, at *4-5 (N.D. Tex. 2016); *Shakir v. Chase Home Fin.*, 2011 U.S. Dist. LEXIS 85103, at *3 n.4 (N.D. Miss. 2011). Here, Argent has not moved the clerk of court for an entry of default and no default has been entered. Moreover, Defendant Nelson has now appeared by filing a Motion to Dismiss, and Courts should generally resolve disputes on the merits. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (collecting cases) ("Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."). Accordingly, an entry of default judgment is inappropriate.

More critically, it is improper to enter a default judgment against one defendant when multiple defendants are "similarly situated" because of the risk of inconsistent judgments. *In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *see also Frow v. De La Vega*, 82 U.S. 552 (1872). By its nature, joint and several liability seeks to have each defendant bear the responsibility for the entire obligation, and thus, could create inconsistent judgments if the non-defaulting defendants prevail. *See generally*, Liability, Black's Law Dictionary (10th ed. 2014). Consequently, the entry of default judgment against one, but not all, defendants is inappropriate when joint and several liability is at issue. *See e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Nelms*, 2016 U.S. Dist. LEXIS 80573, at *2 (N.D. Miss. 2016) (collecting cases); *Allstate Prop. & Cas. Ins. Co. v. Moore*, 2014 U.S. Dist. LEXIS 48949, at *4 (S.D. Miss. 2014); *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd*, 2010 U.S. Dist. LEXIS 37639, at *6 (S.D. Tex. 2010); *see also* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2690 (3d ed. 1998) (collecting cases) ("As a general rule [], when one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). Here, Argent seeks to impose joint and several liability on all Defendants. (ECF. No. 15). Based on this theory of liability, an entry of default judgment creates the possibility of conflicting judgments should the remaining Defendants prevail.[1] Accordingly, default judgment is inappropriate.

---

[1] The Court expresses no opinion on the merits of the case.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Argent's "Motion for Decree of Default and Liability Judgment as to Defendant Stanton Nelson" (ECF. No. 52) is **DENIED**.

**SIGNED** and **ENTERED** this 30th day of November, 2017.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**