IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARGENT HOLDINGS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-17-CV-00199-ATB |
| | § | |
| EAST EL PASO PHYSICIANS | § | |
| MEDICAL CENTER, LLC, | § | |
| *d/b/a Foundation Surgical Hospital* | § | |
| *of El Paso,* et al., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER

On this day, the Court considered "Defendant Stanton Nelson's Motion to Dismiss Defendant East El Paso Physicians' Medical Center, LLC's Crossclaim" ("Motion to Dismiss") (ECF. No. 62).[1] After reviewing the parties' moving papers and the applicable law, the Court orders that Nelson's Motion to Dismiss is **HEREBY GRANTED IN PART AND DENIED IN PART** as set forth herein.

## I. BACKGROUND

On June 28, 2017, Argent filed suit against Defendants East El Paso Physicians' Medical Center, LLC d/b/a Foundation Surgical Hospital of El Paso ("EEPPMC"), Foundation Surgical Hospital Holdings LLC, Randstad Professionals US, LLC d/b/a Tatum, Stanton Nelson, and Justin Bynum (collectively, "Defendants"). (ECF. No. 1). Thereafter, on August 4, 2017, Argent filed its Amended Complaint against Defendants. (ECF. No. 15). Argent asserts various causes of action related to a "Receivables Purchase and Sales Agreement" for the purchase of medical debt. (*Id.*).

---

[1] As "Defendant Stanton Nelson's Motion to Dismiss Plaintiff's Amended Complaint" (ECF. No. 53) is currently the subject of a "Motion for Leave to Amend Complaint" (ECF. No. 68), the Court will address this motion in a separate order.

No. EP-17-CV-00199-ATB          1

Subsequently, EEPPMC filed an amended answer containing crossclaims against Justin Bynum, Stanton Nelson, and Foundation Surgical Hospital Holdings and counterclaims against Argent. (ECF. No. 57). Relevant here, EEPPMC asserts claims against Nelson for fraudulent misrepresentation, fraudulent inducement, negligent representation, and conversion. (ECF. No. 57, p. 11-15).

## II.  LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedures requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Consequently, a complaint requires more than "labels and conclusions, and a formulaic recitation of the elements," and must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.; *Iqbal*, 556 U.S. at 678.

Moreover, because Plaintiff alleges fraud, those claims must meet the heightened Rule 9(b) standard. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see also In re Enron Corp. Sec.*, 2010 U.S. Dist. LEXIS 145220, at *75 (S.D. Tex. 2010). Under Rule 9(b) "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s pleading

requirements, the Plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177-78 (citation omitted). In essence, Rule 9(b) requires "that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations omitted).

## III. ANALYSIS

Nelson argues that: (1) the Economic Loss Rule prevents the immediate litigation;[2] (2) Nelson, as a corporate officer, is not personally liable for the alleged acts; (3) EEPPMC fails to plead the elements of fraud; (4) EEPPMC fails to plead the elements of negligent representation; and (5) EEPPMC fails to plead the elements of conversion, specifically that Nelson had control of the property or personally benefited from its retention. (ECF. No. 62, p. 4-7). EEPPMC responds that: (1) the Economic Loss Rule does not preclude the immediate litigation; (2) corporate officers are personally liable for their tortious conduct; (3) EEPPMC sufficiently pled its fraud claims; (4) EEPPMC sufficiently pled its negligent misrepresentation claim; and (5) EEPPMC sufficiently pled a conversion cause of action because conversion does not have a "personal benefit" element. (ECF. No. 65, p. 5-8).

### a. Economic Loss Rule

The Court finds that the Economic Loss Rule is inapplicable to EEPPMC's crossclaim. Under the Economic Loss Rule, "[w]hen a party's acts breach a contract and the only alleged injury is economic loss to the subject of the contract itself, the action sounds in contract alone." *Staton Holdings, Inc. v. Tatum*, L.L.C., 345 S.W.3d 729, 732 (Tex. App. 2011) (citations

---

[2] The Court notes that Nelson made no "argument" to this effect. Rather Nelson simply cited case law and omitted any analysis or argument.

omitted). However, the rule "does not bar all tort claims arising out of a contractual setting." *Chapman Custom Homes v. Dallas Plumbing*, 445 S.W.3d 716, 718 (Tex. 2014) (per curiam). Specifically, the rule does not bar fraud and negligent misrepresentation causes of action. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418-419 (Tex. 2011) (listing several tort claims, including fraud and negligent misrepresentation, which are not barred by the Economic Loss Rule in a contractual setting). Here, EEPPMC's crossclaim is based on fraud, negligent misrepresentation, and conversion. Accordingly, the Court finds that the Economic Loss Rule serves as no barrier to these claims. *See id*.

      **b.**      **Personal Liability of Nelson**

The Court finds that Nelson may be personally liable for fraud, negligent misrepresentation, and conversion, if these claims are sufficiently alleged. "The general rule of corporate law is that officers of a corporation are insulated from personal liability arising from their activities performed in the scope of their duties for the corporation." *Portlock v. Perry*, 852 S.W.2d 578, 582 (Tex. App. 1993) (citation omitted). However, "[i]t is a longstanding rule in Texas that a corporate agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment." *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App. 2004). Consequently, "[o]nce fraud is shown, the court may . . . find an officer personally liable." *United Heritage Corp. v. Black Sea Invs., Ltd.*, 2005 Tex. App. LEXIS 1280, at *23 (Tex. App. 2005) (citing *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App. 2007)). Accordingly, because EEPPMC alleged the torts of fraud, negligent misrepresentation, and conversion, the Court finds that Nelson may be held personally liable for these claims if sufficiently pled.

### c. Fraud

The Court finds that EEPPMC fails to sufficiently allege fraud. To sufficiently plead common law fraud, a claimant must establish: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). To plead fraudulent inducement, "the elements of fraud must be established as they relate to an agreement between the parties." *Wilmot v. Bouknight*, 466 S.W.3d 219, 227 (Tex. App. 2015) (citing *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001); *Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796, 799 (Tex. App. 2006)).

Here, the misrepresentation at issue is that Nelson told Bynum to represent to Argent that Bynum had the authority to contract on behalf of EEPPMC. (ECF. No. 57, p. 12, 14). The party who allegedly relied on these representations was Argent, not EEPPMC. (*Id.*) ("Argent relied upon . . . Nelson['s] . . . representations."). Rather, there are no allegations that EEPPMC relied on any misrepresentations. Accordingly, EEPPMC was not defrauded under this theory. Therefore, the Court finds that Nelson's Motion to Dismiss should be granted with respect to EEPPMC's fraudulent misrepresentation and fraudulent inducement claims.

### d. Negligent Misrepresentation

Similarly, the Court finds that EEPPMC fails to allege negligent misrepresentation. To establish negligent misrepresentation, appellants must prove: (1) the representation was made by a defendant in the course of his business, or in a transaction in which he had a pecuniary interest;

(2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002); *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App. 2013). For the same reasons above, namely that EEPPMC did not rely on Nelson's alleged misrepresentations, EEPPMC also fails to allege negligent misrepresentation. Therefore, the Court finds that Nelson's Motion to Dismiss should be granted with respect to EEPPMC's negligent misrepresentation claim.

    e.    **Conversion**

Finally, the Court finds that EEPPMC has sufficiently alleged a claim of conversion against Nelson. Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). To establish a claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App. 2004) (citations omitted).

Here, contrary to Nelson's representations, EEPPMC explicitly alleged that Nelson exercised wrongful dominion or control over the accounts at issue. (ECF. No. 57, p. 16). Moreover, personal benefit is not an element of conversion and corporate officers have been

found individually liable for the tort of conversion. *Pan Am. Petroleum Corp. v. Long*, 340 F.2d 211, 221 (5th Cir. 1964) ("[T]he nature or amount of the benefit to the party accused of conversion is not decisive . . . . What is critical is the nature and degree of control over the property in question."); *Dixon v. State*, 808 S.W.2d 721, 723-24 (Tex. App. 1991) (affirming individual liability where corporate officer committed tort of conversion). Accordingly, the Court finds that EEPPMC has sufficiently alleged a claim for conversion and Nelson's Motion to Dismiss should be denied in this respect.

IV.   **CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that "Defendant Stanton Nelson's Motion to Dismiss Defendant East El Paso Physicians' Medical Center, LLC's Crossclaim" (ECF. No. 62) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS THEREFORE ORDERED** that EEPPMC's claims against Nelson for fraudulent misrepresentation, fraudulent inducement, and negligent misrepresentation are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Defendant Stanton Nelson's Motion to Dismiss Defendant East El Paso Physicians' Medical Center, LLC's Crossclaim" (ECF. No. 62) is **DENIED IN ALL OTHER RESPECTS**.

**IT IS LASTLY ORDERED** that, due to the lengthy delay caused by Nelson, EEPPMC may amend its Crossclaim within fourteen (14) days of the entry of this Order, notwithstanding the differing date contained in the Court's Scheduling Order.

**SIGNED** and **ENTERED** this 16th day of January, 2018.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**