IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARGENT HOLDINGS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-17-CV-00199-ATB |
| | § | |
| EAST EL PASO PHYSICIANS | § | |
| MEDICAL CENTER, LLC, | § | |
| d/b/a Foundation Surgical Hospital | § | |
| of El Paso, et al., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER

On this day, the Court considered:

- "Defendant Stanton Nelson's Motion to Dismiss Plaintiff's Amended Complaint" ("Motion to Dismiss") (ECF. No. 53);

- Argent's "Motion for Leave to Amend Complaint" (ECF. No. 68);

- "Defendant Justin Bynum's Rule 12(c) Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiff's Amended Complaint" ("Motion for Judgment on the Pleadings Regarding Argent's Claims") (ECF. No. 77); and

- "Defendant Justin Bynum's Rule 12(c) Motion for Judgment on the Pleadings Seeking Dismissal of Cross-Claimant's Claims" ("Motion for Judgment on the Pleadings Regarding EEPPMC's Crossclaims") (ECF. No. 78).

After reviewing the parties' moving papers and the applicable law, the Court orders that Argent's Motion for Leave to Amend Complaint is **HEREBY GRANTED** and the remaining motions are **HEREBY DENIED WITHOUT PREJUDICE AS MOOT**.

## I. BACKGROUND

On June 28, 2017, Argent filed suit against Defendants East El Paso Physicians' Medical Center, LLC d/b/a Foundation Surgical Hospital of El Paso ("EEPPMC"), Foundation Surgical Hospital Holdings LLC, Randstad Professionals US, LLC d/b/a Tatum, Stanton Nelson, and Justin Bynum (collectively, "Defendants"). (ECF. No. 1). Thereafter, on August 4, 2017, Argent filed its Amended Complaint against Defendants. (ECF. No. 15). Argent asserts various causes of action related to a "Receivables Purchase and Sales Agreement" for the purchase of medical debt. (*Id.*). On November 28, 2017, after an extended absence from the litigation, Nelson filed a Motion to Dismiss Argent's Amended Complaint. (ECF. No. 53). Thereafter, on January 5, 2018, Argent sought leave to file a Second Amended Complaint. (ECF. No. 68).

Separately, EEPPMC filed an amended answer containing crossclaims against Justin Bynum, Stanton Nelson, and Foundation Surgical Hospital Holdings and counterclaims against Argent. (ECF. No. 57). Bynum now seeks judgment on the pleadings regarding Argent and EEPPMC's claims against him. (ECF. Nos. 77, 78).

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*." Fed. R. Civ. P 15(a)(2) (emphasis added). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1983) (citing cases). Consequently, although leave to amend is not automatic, "there is a strong presumption in favor of granting leave to amend . . . ." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) (citation omitted); *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). As this strong presumption exists, a court must

possess "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

In determining whether substantial reason exists to deny leave to amend, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Ashe*, 992 F.2d at 542 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. "Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." *Jamieson*, 772 F.2d at 1208 (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Consequently, a complaint requires more than "labels and conclusions, and a formulaic recitation of the

elements," and must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*; *Iqbal*, 556 U.S. at 678.

Lastly, because Plaintiff alleges fraud, those claims must meet the heightened Rule 9(b) standard. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see also In re Enron Corp. Sec.*, 2010 U.S. Dist. LEXIS 145220, at *75 (S.D. Tex. 2010). Under Rule 9(b) "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s pleading requirements, the Plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177-78 (citation omitted). In essence, Rule 9(b) requires "that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations omitted).

### III. ANALYSIS

As the parties have filed separate but related motions, the Court will address each in turn.

#### a. Leave to Amend

Nelson's sole argument against granting Argent leave to amend is that the amendment would be futile. Specifically, incorporating his Motion to Dismiss, Nelson argues: (1) the Economic Loss Rule prevents Argent's claims; (2) Nelson, as a corporate officer, possesses no personal liability for the alleged acts; and (3) Argent fails to state a claim for fraud or negligent misrepresentation because Argent does not identify a false representation. (ECF. No. 53, p. 3-6; 75, p. 2-7).

First, the Court already rejected Nelson's arguments regarding the Economic Loss Rule and personal liability, and will not detail its holding here. (ECF. No. 76, p. 3-4). Indeed, the

authorities relied on by Nelson, *Teclogistics* and Tex. Bus. Orgs. Code § 21.223, do not establish that Nelson lacks personal liability for his alleged fraud. These authorities involve contractual obligations, rather than tort liability. As explicitly noted by the *Teclogistics* Court, "section 21.223(a)(2) shields the defendant shareholder or affiliate from individual liability only 'with respect to . . . *any contractual obligation* of the corporation or any matter relating to or arising from the obligation.'" *TecLogistics, Inc. v. Dresser-Rand Grp. Inc.*, 527 S.W.3d 589, 597 (Tex. App. 2017) (emphasis added) (citing Tex. Bus. Orgs. Code § 21.223(a)(2)). Rather, in cases involving tortious or fraudulent conduct by a corporate officer, personal liability may be imposed on that officer. *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App. 2007) (citing Tex. Bus. Orgs. Code § 21.223) ("a corporate officer who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent of the corporation."). In the immediate case, Argent does not seek to impose contractual liability on Nelson, but rather, impose tort liability for Nelson's alleged fraud and misrepresentation. (ECF. No. 68-1, p. 7-12). Accordingly, Nelson may be sued individually for his allegedly tortious acts.

Second, contrary to Nelson's arguments, Argent identifies Nelson's alleged misrepresentation with respect to its fraud claim. To sufficiently plead common law fraud, a claimant must establish: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). Argent alleges,

in its proposed Amended Complaint, that Nelson ordered Bynum to represent to Argent that Bynum had the authority to contract on behalf of EEPPMC, which Argent relied on. (ECF. No. 68-1, p. 8). Even though Nelson's representation was made to Bynum, an intermediary, this representation is sufficient to allege fraud on the part of Nelson. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001) ("Where a party makes a false representation to another with the intent or knowledge that it should be exhibited or repeated to a third party for the purpose of deceiving him, the third party, if so deceived to his injury, can maintain an action in tort against the party making the false statement for the damages resulting from the fraud."). Accordingly, the Court finds that Nelson's futility argument is without merit with respect to Argent's fraud claims.

Similarly, Argent identifies Nelson's alleged misrepresentation with respect to its negligent misrepresentation claim. To establish negligent misrepresentation, claimant must prove: (1) the representation was made by a defendant in the course of his business, or in a transaction in which he had a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002); *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App. 2013). For the same reasons noted above, Argent sufficiently identifies Nelson's alleged misrepresentation. Accordingly, the Court finds that Nelson's futility arguments are without merit with respect to Argent's negligent misrepresentation claim.

In sum, the Court finds that amendment is not futile. Furthermore, no other substantial reason exists to deny Argent leave to amend, and indeed, Nelson identifies none. Particularly

given Nelson's lengthy delay in this litigation, justice requires granting leave to amend. Accordingly, the Court finds that Argent's Motion for Leave to Amend Complaint should be granted.

>    b. **Motion to Dismiss, Motion for Judgment on the Pleadings Regarding EEPPMC's Crossclaims, and Motion for Judgment on the Pleadings Regarding Argent's Claims**

The Court finds that the remaining motions should be denied without prejudice as moot. Regarding Nelson's Motion to Dismiss, the filing of an amended complaint moots motions to dismiss. *Reyna v. Deutsche Bank Nat'l Tr. Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Similarly, a Motion for Judgment on the pleadings is mooted by the Court granting leave to amend. *See Lefevre v. Connextions, Inc.*, 2014 U.S. Dist. LEXIS 49547, at *4 (N.D. Tex. 2014) (collecting cases). In this respect, the Court has granted both Argent and EEPPMC leave to amend. (ECF. No. 76). Accordingly, the Court finds that the remaining motions should be denied without prejudice as moot.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Argent's "Motion for Leave to Amend Complaint" (ECF. No. 68) is **GRANTED**.

**IT IS THEREFORE ORDERED** that the **DISTRICT CLERK SHALL FILE** Argent's Second Amended Complaint (ECF. No. 68-1).

**IT IS FURTHER ORDERED** that "Defendant Stanton Nelson's Motion to Dismiss Plaintiff's Amended Complaint" (ECF. No. 53), "Defendant Justin Bynum's Rule 12(c) Motion

for Judgment on the Pleadings Seeking Dismissal of Plaintiff's Amended Complaint" (ECF. No. 77), and "Defendant Justin Bynum's Rule 12(c) Motion for Judgment on the Pleadings Seeking Dismissal of Cross-Claimant's Claims" (ECF. No. 78) are **DENIED WITHOUT PREJUDICE AS MOOT**.

**SIGNED** and **ENTERED** this 23rd day of January, 2018.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**