IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARGENT HOLDINGS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-17-CV-00199-ATB |
| | § | |
| EAST EL PASO PHYSICIANS | § | |
| MEDICAL CENTER, LLC, | § | |
| *d/b/a Foundation Surgical Hospital* | § | |
| *of El Paso*, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered, "Defendant/Cross-Claimant/Counter Claimant East El Paso Physicians' Opposed Motion for Leave to Designate Responsible Third Parties" ("EEPPMC's Motion"). (ECF. No. 109). For the following reasons, EEPPMC's Motion is **GRANTED**.

### I. Background

Argent originally filed suit against Defendants East El Paso Physicians' Medical Center, LLC d/b/a Foundation Surgical Hospital of El Paso ("EEPPMC"), Foundation Surgical Hospital Holdings LLC ("Foundation"), Randstad Professionals US, LLC d/b/a Tatum, Stanton Nelson ("Nelson"), and Justin Bynum ("Bynum"). (ECF. No. 1). Argent asserts various causes of action related to a "Receivables Purchase and Sales Agreement" for the purchase of medical debt. (*Id*.). Specifically, Argent alleges that the account balance was represented to consist of $1,990,383.16. (ECF. No. 81, p. 4-5). However, after executing the agreement, Argent discovered that $487,264.57 had been previously paid by insurance and $1,071,180.35 had been denied by insurance, rendering much of the alleged debt uncollectable. (*Id*. at 6).

Nelson, CEO of Foundation, authorized the sale and Bynum signed the agreement as "CFO of Foundation . . . , its manager." (ECF. Nos. 81, p. 4, 8; 109, p. 1-2). Argent originally asserted fraud and negligent misrepresentation, *inter alia*, against EEPPMC, Nelson, and Bynum. (ECF. No. 81, p. 10). However, Argent dismissed its claims against Bynum and Nelson pursuant to stipulation. (ECF. Nos. 97, 100, 103, 104).

In EEPPMC's Motion, it avers that Bynum negotiated and was tasked with performing due diligence regarding the accounts, and at a minimum, failed to perform due diligence. (ECF. No. 109, p. 3). Similarly, Nelson, acting as CEO, directed Bynum to enter into the agreement. (*Id*. at 4). Nelson was in a position to confirm the validity of the accounts, and failed to do so. (*Id*. at 4). These acts and omissions may have contributed to Argent's harm, specifically with regard to Argent's negligent misrepresentation and fraud claims. (*Id*.). Therefore, EEPPMC contends that Nelson and Bynum are properly designated as responsible third parties. (*Id*. at 3-4).

Argent has opposed EEPPMC's Motion. (ECF. No. 110). Although engaging in a lengthy factual debate,[1] Argent's sole argument is that EEPPMC's Motion is untimely. (*See id*.). Argent argues that, under the *Erie* doctrine, the Court's deadline for the joinder of parties governs, rather than the 60-day deadline contained in Texas Civil Practice and Remedies Code § 33.004(a). EEPPMC responds that: (1) its Motion is timely under Western District of Texas precedent; and (2) because Bynum and Nelson were previously named defendants, their designation as responsible third parties was unnecessary until recently. (ECF. No. 111).

---

[1] Argent appears to dispute certain facts alleged by EEPPMC and has filed voluminous corporate documents pertaining thereto. (*See generally*, ECF. No. 110). Argent, however, makes no argument regarding these facts. Accordingly, to the extent Argent implicitly makes such an argument, the Court considers it waived. *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("A [party] waives an issue if he fails to adequately brief it.").

## II. Legal Standard

At issue is Texas Civil Practice and Remedies Code § 33.004. "[Section] 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault." *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 U.S. Dist. LEXIS 7986, at *7 (S.D. Tex. 2007). Section 33.004 establishes that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). A "[r]esponsible third party means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem. Code § 33.011(6). Under Texas law, such a motion must be filed 60 days before trial. Tex. Civ. Prac. & Rem. Code § 33.004(a). To apply Texas law, however, the Court must look to *Erie* and its progeny.

Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Because "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor," *Erie* and its progeny provide a multi-step inquiry. *Id*.

"When a party has alleged a direct conflict between the Federal Rules and state law, [] an additional step precedes the *Erie* analysis." *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011) (citing *Hanna v. Plumer*, 380 U.S. 460, 469-70 (1965)). "The initial step is to determine whether, when fairly construed, the scope of [the Federal Rule] is sufficiently broad to cause a 'direct collision' with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law." *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) (citation omitted). "A state law directly collides

with a Federal Rule if it provides a different answer to the question in dispute." *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (majority opinion)). In determining whether the rule covers a particular issue, courts look to the plain meaning and judicial interpretations of the rule. *All Plaintiffs*, 645 F.3d at 333-34. If a direct collision exists, the Court must apply the Federal Rule as long as it does not violate either the Constitution or the Rules Enabling Act. *Id.*

If, however, there is no direct conflict with the Federal Rules, then a conventional *Erie* analysis is required, and all substantive state law must be applied to avoid the inequitable administration of the law and forum shopping. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980); *Hanna*, 380 U.S. at 468 (discussing the 'twin aims' of the *Erie* rule).

### III. Analysis

The instant issue is well litigated in District Courts within Texas, and in the nearly 15 years since the revision of § 33.004, the Fifth Circuit Court of Appeals has not addressed this issue. There exists some conflict regarding whether to apply § 33.004's 60-day deadline in a diversity action. *Compare Cortez*, 2007 U.S. Dist. LEXIS 7986, at *9 *with Coachmen Indus. v. Alt. Serv. Concepts L.L.C.*, 2008 U.S. Dist. LEXIS 53905, at *1 n.5 (S.D. Tex. 2008). As noted below, however, the bulk of authority holds that § 33.004 is substantive law, which does not conflict with Federal Rule of Civil Procedure 16 as it pertains to scheduling orders. Applying *Erie*, this Court holds likewise.

First, this Court's Scheduling Order (ECF. No. 51), governs "joinder." *See* Fed. R. Civ. P. 14. Conversely, under § 33.004, a responsible third party is "designated," rather than "joined." Tex. Civ. P. & Rem. Code §33.004(i)(1)-(2). *Cortez*, 2007 U.S. Dist. LEXIS 7986, at

*6; *Bueno v. Cott Bevs., Inc.*, 2005 U.S. Dist. LEXIS 4210, at *5 (W.D. Tex. 2005). Although the statute refers to the designee as a "responsible third *party*," they never join the lawsuit. As David Holman observed:

> In Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability.

David W. Holman, *Responsible Third Parties*, 46 S. Tex. L. Rev. 869, 870 (2005). With this clarification in mind, because a responsible third party is not "joined," the deadlines regarding joinder are inapplicable. *Bueno*, 2005 U.S. Dist. LEXIS 4210, at *4 (finding that the Court's scheduling order for joining parties was inapplicable to a motion to designate responsible third party under § 33.004). Therefore, the deadlines for joinder do not conflict with § 33.004.

Second, § 33.004 is part of a comprehensive tort statue designed to effect proportional liability, and therefore, is substantive. *See Harris Constr. Co. v. GGP-Bridgeland, LP*, 2009 U.S. Dist. LEXIS 69476, at *3 n.1 (S.D. Tex. 2009); *Viceroy Petroleum, L.P. v. Tadlock Pipe & Rentals, Inc.*, 2014 U.S. Dist. LEXIS 153866, at *7 (W.D. Tex. 2014). As a substantive statute which conflicts with no federal rule, a majority of courts apply the 60-day deadline. *See*, *e.g.*, *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 687 (E.D. Tex. 2014); *Parker v. Bill Melton Trucking, Inc.*, 2016 U.S. Dist. LEXIS 130216, at *3 (N.D. Tex. 2016); *Gonzales v. RSC Equip. Rental, Inc.*, 2008 U.S. Dist. LEXIS 82738, at *3 (S.D. Tex. 2008); *Cortez*, 2007 U.S. Dist. LEXIS 7986, *9; *Bueno*, 2005 U.S. Dist. LEXIS 4210, at *4 (W.D. Tex. 2005). The Court agrees with these courts' reasoning, and likewise holds that § 33.004 reflects a substantive policy that must be applied in the instant matter.

Third, considering the twin aims of *Erie*, the failure to apply the deadlines in § 33.004 would also lead to forum-shopping and inequitable administration of the law. *See Walker*, 446

U.S. at 747 (discussing the twin aims of Erie). At its core, § 33.004 is a "proportionate responsibility" statute which "requires the trier of fact to determine the percentage of responsibility for that person. . . . ." *Tex. Dep't of Pub. Safety v. Boswell*, 2007 Tex. App. LEXIS 7152, at *7 (Tex. App. 2007). Should a defendant not designate a responsible third party, the defendant would be liable for the entirety of any damages, rather than having their proportional liability reduced by the responsibility attributable to other entities. This would be advantageous for a plaintiff attempting to collect a judgment, and would potentially encourage forum-shopping in federal court. Moreover, if the immediate case was filed in state court, EEPPMC would have its liability reduced by the responsibility attributable to Nelson and Bynum. If this Court were to deny EEPPMC's Motion, any judgment against it could vary significantly between state and federal court. The Court finds that such a result would be inequitable. Thus, the twin aims of *Erie* also suggest the application of § 33.004.

The division among District Courts appears to stem from two issues. First, it is the practice of some courts to schedule deadlines for the designation of third parties. *See, e.g.*, *De Leon v. Flavor & Fragrance Specialties*, 2013 U.S. Dist. LEXIS 195269, at *9 n.1 (E.D. Tex. 2013); *Mendez v. Caterpillar, Inc.*, 2012 U.S. Dist. LEXIS 3296, at *18 (W.D. Tex. 2012). In these situations, the deadlines set by the Court clearly govern; however, this Court set no such deadline. Second, prior to 2003, § 33.004 was a procedural statute governing the joinder of parties. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 417 (Tex. 2011) (Lehrmann, J., dissenting) (discussing the history of § 33.004). In 2003, the Texas legislature modified the statute to its current version, which provides for "designation." *Id.* Many of the early decisions which find § 33.004 procedural were based on the pre-2003 version of the statue. *See Muniz v. T.K. Stanley,*

*Inc.*, 2007 U.S. Dist. LEXIS 26811, at *9 (S.D. Tex. 2007) (collecting cases). Thus, the division amount District Courts is less significant than it first appears.

Nonetheless, as noted above, the majority of decisions hold that § 33.004 is substantive and must be applied accordingly. In the instant case, EEPPMC's Motion was filed on April 3, 2018, more than 60 days before trial. Accordingly, the Motion is timely. *See* Tex. Civ. Prac. & Rem. Code § 33.004(a). With no remaining objections from Argent, the Court finds that EEPPMC's Motion should be granted.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that "Defendant/Cross-Claimant/Counter Claimant East El Paso Physicians' Opposed Motion for Leave to Designate Responsible Third Parties" (ECF. No. 109) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Stanton Nelson and Justin Bynum are **HEREBY DESIGNATED** as responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004.

**SIGNED** and **ENTERED** this 23rd day of April, 2018.

**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**